# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CR0036 DJS/TCM |
| ) | |
| ANDREW WISMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various discovery motions filed by Andrew Wisman ("Defendant"). The motions filed by Defendant do not require testimony.

## Discussion

### A. Defendant's Motion for Government Agents to Retain Rough Notes [Doc. 63]

Defendant moves the Court for an order requiring the government agents who investigated the matters alleged in the indictment to retain any rough notes taken as part of their investigation.

The Eighth Circuit Court of Appeals has indicated that it is a preferable practice that rough notes be retained, irrespective of whether they might be discoverable by the Defendant. See **United States v. Leisure**, 844 F.2d 1347, 1361 n.10 (8th Cir. 1988); **United States v. Hoppe**, 645 F.2d 630, 634 n.2 (8th Cir. 1981) ("We do not condone any failure of the United States Attorney to direct [the agent] to preserve the notes. If there were any

evidence that he stood idle knowing that the notes were being destroyed, we might have a different case.").

Defendant's motion will be granted in part and denied in part. It will be granted insofar as the United States Attorney is ordered to direct the investigating agents to retain any presently existing rough notes made during their investigation of the matters alleged in the indictment. It will be denied insofar as Defendant requests that the notes be provided to him. If such notes constitute material required to be produced pursuant to 18 U.S.C. § 3500 or Rule 26.2 of the Federal Rules of Criminal Procedure, Defendant may request their production at the time of the trial or other proceeding.

Defendant's motion [Doc. 63] is granted in part and denied in part as stated herein.

### B. Defendant's Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence [Doc. 62]

Defendant also seeks disclosure of any evidence of "other crimes" which the Government intends to introduce against him or any co-conspirator, regardless of whether the latter is named in the indictment. The Government shall provide notice to Defendant, at least ten days prior to the trial of the case, if it intends to offer evidence of other crimes, wrongs or acts, pursuant to Rule 404(b), Federal Rules of Evidence, and if it does so intend, the general nature of any such evidence that it intends to offer at trial. To the extent that Defendant requests such notice, his request will be granted. His request will be denied in all other respects.

The Government is aware that included in the requirement to produce favorable evidence mandated by **Brady v. Maryland**, 373 U.S. 83 (1963), is the requirement to

produce impeaching evidence. **United States v. Bagley**, 473 U.S. 667 (1985). The Government has agreed to disclose such evidence.

The Government shall provide to the Defendant the following material information, if any exists, as to any person called as a witness at the trial of this case:

1. The prior criminal history of convictions of the witness;

2. Any consideration offered or given to the witness in exchange for his/her testimony and/or cooperation in the investigation of the case; and

3. Any statement of the witness which relates to the subject matter about which he/she is to testify (Jencks Act materials).

To the extent that the Defendant's motion seeks discovery of the matters ordered disclosed above, it will be granted. In all other respects, it will be denied. **United States v. Davis**, 752 F.2d 963, 976 (5th Cir. 1985).

Defendant requests impeaching material for any non-witness declarants, specifically, any co-defendants or unindicted co-conspirators.

The statements of a non-witness are not discoverable. **United States v. Cole**, 453 F.2d 902, 905 (8th Cir. 1972); **United States v. Hamilton**, 452 F.2d 472, 479 (8th Cir. 1971).

Defendant's motion [Doc. 62] is granted in part and denied in part as provided herein.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of March, 2006.